UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD HEVEY and FLO T. PALUMBO,

       Plaintiffs,

v.

                                                    Case No. 12-14257

FORD MOTOR COMPANY,                 Honorable Julian Abele Cook, Jr.

       Defendant.

## ORDER

The Plaintiffs in this action are individuals who purchased Ford "Escape" vehicles independently of each other. Their complaint set forth a variety of state-law causes of action as well as violations of 15 U.S.C. § 2301, more commonly known as the Magnuson-Moss Warranty Act, by the Defendant, Ford Motor Company. Currently before the Court is Ford's motion to dismiss.

### I.

One of the Plaintiffs, Richard Hevey, is a Louisiana resident who purchased a 2009 Ford "Escape" automobile on January 28, 2009, from a car dealership (Superior Ford) in Louisiana. According to Hevey, he was given a new vehicle limited warranty which provided that during the 3-year/36,000 mile "Bumper to Bumper" coverage period, "authorized Ford Motor Company dealers [would], without charge, repair, replace, or adjust all parts on [his] vehicle that malfunction or fail during normal use during the applicable coverage period due to a manufacturing defect in factory-supplied materials or factor workmanship." (Def.'s Mot. Dismiss, Ex. 1, Dec., ¶ 5).

Hevey complains that the transmission in his vehicle failed while the vehicle was being flat

towed. The transmission was replaced. In July of 2011, the transmission allegedly failed again after the vehicle had been flat towed. The transmission was replaced again. Hevey, apparently frustrated over his mishaps, sold his vehicle shortly thereafter due to the inability of the "Escape" to be successfully flat towed.

The other Plaintiff, Flo T. Palumbo, is an Oregon resident who purchased a 2010 Ford "Escape" on January 27, 2010, from a car dealership (Robert Horne) in Arizona. Palumbo's vehicle also came with a new vehicle limited warranty, which provided repair and replacement coverage that was similar in language to that of Hevey. On June 14, 2010, the transmission in Palumbo's vehicle failed while the vehicle was being flat towed. The transmission in Palumbo's vehicle was replaced by a Ford dealer. The transmission failed once again after being flat towed for 568 miles. It, too, was again replaced by a Ford dealer.

II.

When evaluating the merit of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts the plaintiff's well-pleaded allegations as being true -and construes each of them in a light that is most favorable to him. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). However, this assumption of truth does not extend to his legal conclusions because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted).

In order to survive an application for dismissal, the complaint must allege "enough facts to

state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, a "plaintiff [must] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. In essence, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In considering a 12(b)(6) motion, "documents attached to the pleadings become part of the pleading and may be considered [by the court]." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted)). Moreover, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Weiner, D.P.M. v. Klais & Co.*, 108 F.3d 86, 88 n.3 (6th Cir. 1997); *see also Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). Supplemental documents attached to the motion to dismiss do not convert the pleading into one for summary judgment if the documents do not "rebut, challenge, or contradict anything in the plaintiff's complaint." *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993) (citing *Watters v. Pelican Int'l, Inc.*, 706 F. Supp. 1452, 1457 n.1 (D. Colo. 1989)).

### III.

Ford Motor submits that Hevey's claims should be dismissed because they are time-barred by Louisiana's one-year statute of limitations. His complaint alleges warranty, contract, fraudulent

concealment, and equitable relief claims. Under Louisiana law, there are only two viable theories of liability against manufacturers for damages caused by their products; to wit, (1) redhibition[1] and (2) the Louisiana Products Liability Act ("LPLA") (La. Rev. Stat. §§ 9:2800.51). *See Ashley v. General Motors Corp.*, 660 So.2d 1320, 1322 (La. App. 1996) (other than redhibition, the LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products.") Both of these claims are subject to a one-year period that runs from the date of sale or from the day the buyer discovers the defect. La. Civ. Code arts. 2534, 3492. *See e.g.*, *Touro Infirmary v. Sizeler Architects*, 947 So.2d 740, 744 (La. App. 2006) (breach of express warranty claim under La. Civ. Code Art. 2529 "is encompassed by the LPLA and is no longer viable as an independent theory of recovery against a manufacturer."); *Borskey v. Medtronics, Inc.*, No. Civ. A. 94–2302, 1998 WL 122602 at *4 (E.D. La. Mar. 18, 1998) (fraud and breach of implied warranty claims precluded by the LPLA); *American Zurich Ins. Co v. Caterpillar, Inc.*, 99 So. 3d 739 (La. App. 2012) (LPLA preempted breach of contract claims and all claims were barred by statute's one year prescriptive period); *Bladen v. C.B. Fleet Holding Co.*, 487 F.Supp. 2d 759 (W.D. La. 2007) (LUTPA claims against product manufacturer barred by LPLA's exclusivity provision).

Hevey became aware of the alleged defect in his vehicle no later than July 2011, when his transmission failed for the second time after being flat towed causing him to sell the vehicle. This date is more than one year prior to September 25, 2012, the date upon which he filed his complaint. Therefore, Hevey's claims are barred by Louisiana's one-year statute of limitations and dismissal is appropriate. This statute of limitations also applies to Hevey's claims brought under the

---

[1] In Louisiana, the word, "redhibition," connotes an authorized civil action against the seller and/or the manufacturer of a defective product which is similar - in some respects - to the "lemon laws" that are found in other jurisdictions within the United States.

Magnuson-Moss Warranty Act. *See Heisser v. Contender Boats, Inc.*, No. 07-9777, 2009 WL 1309741 (E.D. La. 2009) (applying one-year period that applies to redhibition claims to plaintiff's Magnuson-Moss Warranty Act claims). In their response, the Plaintiffs concede that (1) the Louisiana Products Liability Act has a one-year prescriptive period, and (2) Hevey was aware of the alleged defect in his vehicle more than one year prior to the commencement of this lawsuit. Thus, Hevey's claims must be dismissed.

The Defendant also contends that Palumbo's claims for breach of express warranty, implied warranty, and contract should be dismissed as well for lack of privity. Under Arizona law, "privity of contract is required to maintain an action for breach of an implied warranty." *Chaurasia v. General Motors Corp.,* 126 P.3d 165, 171 (Ariz. App. 2006). In her complaint, Palumbo acknowledges that she purchased her vehicle from a dealer - not directly from Ford Motor. *See Chaurasia*, 126 P.3d at 171-72 (affirming dismissal of implied warranty claim because new car purchaser was not in privity with vehicle manufacturer). Since Palumbo lacks privity with Ford Motor, her claims for breach of express warranty, implied warranty, and contract must be dismissed.

Palumbo's claims under the Magnuson-Moss Warranty Act suffer a similar fate. As Arizona courts have recognized, the warranty claims under this federal statute are governed by the warranty laws of the applicable state. *See, e.g. Chaurasia*, 126 P.3d at 171 ("the [Magnuson-Moss Warranty Act] offers no greater rights than those under state law for pursuing implied warranty claims against remote manufacturers.") Palumbo also asserts a breach of the implied covenant of good faith and fair dealing against Ford Motor. However, inasmuch as Palumbo has not made any plausible allegation that Ford Motor was a party to the sales contract, this count must be dismissed.

Next, Palumbo pleads a host of claims based on acts of fraud; namely, (1) fraudulent

concealment, (2) violation of the Arizona Consumer Fraud Act, and (3) fraud. In alleging fraud, a party must state with particularity the circumstances which would support such a claim. Fed. R. Civ. P. 9(b). Generalized and conclusory allegations of fraudulent conduct do not satisfy Rule 9(b). *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). The rule is not merely a technical requirement, in that it "is designed, not only to put defendants on notice of alleged misconduct, but also 'to prevent fishing expeditions and to narrow potentially wide ranging discovery to relevant matters.'" *Republic Bank & Trust Co v. Bear Stearns & Co*, 683 F.3d 239, 255 (6th Cir. 2012). The pleading requirements of Rule 9(b) apply to common law fraud and claims under Arizona's consumer fraud act. *See Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (fraud claims must comply with particularity requirements of Rule 9(b)); *Williamson v. Allstate Ins. Co.*, 204 F.R.D. 641, 644 (D. Ariz. 2001) (Rule 9(b)'s particularity requirement applies to fraud claims brought under the ACFA). To satisfy this standard, a plaintiff must specify the "who, what, when, where, and how" of the alleged omission or misrepresentation. *Republic Bank & Trust*, 683 F. 3d at 256. As to the claim of misrepresentation, a plaintiff must specify the alleged fraudulent statement, identify the speaker, assert when and where the statements were made, and explain what made the statements fraudulent. *Id*. at 247. As to omissions, an aggrieved plaintiff must plead: "(1) precisely what was omitted; (2) who should have made a representation; (3) the content of the alleged omission and the manner in which the omission was misleading; and (4) what [the defendant] obtained as a consequence of the alleged fraud." *Id*. at 256.

Palumbo alleges that "she relied on representations from Ford and its agent, Robert Horne Ford, marketing materials from Ford Motor, the Ford Owners' Manual, the Ford Warranty, which incorporates the Ford Owners' Manual, all providing and warranting that the "Escape" model which

she purchased is flat towable." (Am. Compl. at ¶57).) While Palumbo speaks to representations within the Owner's Manual, she does not specify when and where this document was reviewed by her. . Nor does she specifically identify what other representations were made to her, who made them, where and when they were made, or what actions were undertaken by her in reliance on them. Reliance is a required element under the Arizona Consumer Fraud Act and common law fraud. See *Kuehn v.Stanley*, 91 P.3d 346, 351 (Ariz. App. 2004) (reliance required under the ACFA); see also *Dillon v. Zeneca Corp.*, 42 P.3d 598, 602 - 603 (Ariz. App. 2002) (fraudulent misrepresentation requires reliance on the truth of the representation). Palumbo's fraud claims must be dismissed.

For the reasons stated, the motion to dismiss is granted (ECF 18).

IT IS SO ORDERED.

Date: August 21, 2013                              s/Julian Abele Cook, Jr.
                                                   JULIAN ABELE COOK, JR.
                                                   U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 21, 2013.

                                                   s/ Kay Doaks
                                                   Case Manager